IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Crim. No. 02-00176(1)-SOM |
| ) | Civ. NO. 12-00242 SOM/BMK |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER DENYING RULE 60(b) |
| ) | MOTION |
| DAVID D. ESPINAL, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DENYING RULE 60(b) MOTION**

**I.      INTRODUCTION.**

Defendant David D. Espinal was convicted of drug and money laundering conspiracies and was sentenced by Judge David Alan Ezra. Since then, Judge Ezra has taken senior status and relocated to another district. This case has been reassigned to the present judge.

Espinal seeks reconsideration of Judge Ezra's denial of his motion brought under 28 U.S.C. § 2255, arguing that the Supreme Court's June 10, 2013, decision in Peugh v. United States, 133 S. Ct. 2072 (2013), undermines Judge Ezra's ruling. Espinal argues that, under Peugh, his sentence violates the Ex Post Facto Clause.

In his plea agreement, Espinal waived his right to appeal or collaterally attack his conviction and sentence (except with respect to a claim of ineffective assistance of counsel

and/or if the court departed upward from the guideline range). This precludes the present argument.

Espinal's counsel could not have been ineffective in failing to raise Peugh, which was decided after Espinal was sentenced and had appealed his conviction and sentence to the Ninth Circuit. Even assuming Espinal is simply reiterating a previously asserted Ex Post Facto Clause argument, no such violation based on Peugh has been demonstrated because Espinal's sentence was not based on sentencing guidelines that were harsher at the time of sentencing than at the time Espinal committed the drug crime. Peugh is therefore distinguishable. Accordingly, the court denies Espinal's motion under Rule 60(b) of the Federal Rules of Civil Procedure.

**II.    RULE 60(b) STANDARD.**

Rule 60(b) of the Federal Rules of Civil Procedure permits relief from final judgments, orders, or proceedings. Such a motion may be granted on any one of six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

>    (5) the judgment has been satisfied, released
>    or discharged; it is based on an earlier
>    judgment that has been reversed or vacated;
>    or applying it prospectively is no longer
>    equitable; or
>
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) motions are committed to the discretion of the trial court. See Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994) ("Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are addressed to the sound discretion of the district court.").

Espinal brings the present motion under Rule 60(b)(6), arguing that an intervening change in the law justifies relief.

### III. BACKGROUND.

On May 1, 2002, Espinal was indicted for various drug-related crimes. See ECF No. 59. In relevant part, a Superseding Indictment of June 19, 2002, ECF No. 145, charged Espinal with having conspired to distribute and possess with intent to distribute in excess of 50 grams of methamphetamine. See Superseding Indictment, Count 1. Count 35 of the Superseding indictment sought a criminal forfeiture.

On October 6, 2003, Espinal was charged in Count 1 of an Information with having conspired to launder money. See ECF No. 352.

On October 21, 2003, pursuant to a Memorandum of Plea Agreement, Espinal pled guilty before a Magistrate Judge to

3

Counts 1 and 35 of the Superseding Indictment and Count 1 of the Information.  See ECF No. 361, 362, and 365.  In his plea agreement, Espinal waived his right to appeal or collaterally attack his sentence and conviction unless his counsel was ineffective or the court departed upward from the guideline range.  See ECF No. 362.  On October 30, 2003, Judge Ezra adopted the Magistrate Judge's recommendation that the court accept that guilty plea.  See ECF No. 373.

A Presentence Investigation Report ("PSR") was prepared by the United States Probation Office.  According to paragraph 68 of the PSR, the 2004 U.S. Sentencing Commission Guidelines Manual was used to calculate Espinal's guideline sentence, but "there is no difference between the application of the guidelines in effect at the time the offense occurred and the guidelines in effect at the time of sentencing."

Because Espinal was accountable for 5.3 kilograms of generic methamphetamine, the PSR calculated his base offense level as being 36.  The PSR added two levels for Espinal's conviction under 18 U.S.C. § 1956 and subtracted two levels for his acceptance of responsibility and one level for notifying the government of his intention to plead in a timely manner, giving him a total offense level of 35.  Given Espinal's criminal history category of I, his guideline range was 168 to 210 months.  See PSR ¶ 118.  The final PSR, dated May 21, 2004, differed from

the draft PSR in that the final version of paragraph 74 did not increase the total offense level by four levels based on Espinal's aggravated role in the offense--conduct that the PSR said he had not admitted.  See Addendum 1A to PSR, Jan. 6, 2005.

However, in Addendum No. 2, dated September 9, 2005, the PSR was amended to include in paragraph 74 the four-level increase, based on the Probation Officer's examination of an admission by Espinal that he had instructed others to transport or transfer drug proceeds to other people and to use the proceeds to purchase cashier's checks, in a effort to disguise his ownership of and the sources of the drug proceeds.  The PSR indicated that this conduct rendered Espinal an organizer/leader.  The PSR reasoned that, pursuant to United States v. Ameline, 376 F.3d 967 (9th Cir. 2004), the federal sentencing guidelines, which became advisory under United States v. Booker, 543 U.S. 220 (2005), could be applied if they increased a defendant's sentence in compliance with the requirements of Blakely v. Washington, 542 U.S. 296 (2004).  Espinal's total offense level became 39, giving him an advisory guideline range of 262 to 367 months when combined with his criminal history category of I.

On March 14, 2007, Judge Ezra granted the Government's motion for a downward departure.  He sentenced Espinal to 190 months of imprisonment and five years of supervised release as to Count 1 of the First Superseding Indictment and Count 1 of the

5

Information, with the terms running concurrently. See Minutes, ECF No. 659, Mar. 14, 2007; Amended Judgment in a Criminal Case, ECF No. 672, Apr. 13, 2007.

Espinal appealed. See ECF No. 667. On March 27, 2008, the Ninth Circuit dismissed the appeal, noting that Espinal had waived his appellate rights. See ECF No. 696.

On May 7, 2012, Espinal filed a motion under 28 U.S.C. § 2255. See ECF No. 720. Judge Ezra denied this motion on October 31, 2012. See ECF No. 736. Espinal moved for reconsideration of the order; Judge Ezra denied that motion. See ECF Nos. 737 and 738. On January 25, 2013, Espinal again sought relief from the order. See ECF No. 740. The case was reassigned to the present judge, who denied that new motion on January 29, 2013. See ECF Nos. 744 and 745. Espinal appealed, but was denied a certificate of appealability by both the district court and the Ninth Circuit. See ECF Nos. 746, 752, and 755.

On June 10, 2013, the Supreme Court decided Peugh, 133 S. Ct. 2072. The present motion followed. See ECF No. 757, Sept. 30, 2013.

**IV.    ANALYSIS.**

In Peugh, the Supreme Court noted that the Constitution prohibits ex post facto laws, including those that inflict a greater punishment than the law provided for when the crime was committed. 133 S. Ct. at 2081. Peugh held that the Ex Post

Facto Clause is violated when a court applies guidelines in effect at the time of sentencing that had more severe consequences than the guidelines in effect at the time the crime was committed. See id. at 2078-79, 2084.

Espinal's present motion for reconsideration is based solely on Peugh. He argues that the four-level organizer/leader increase added in Addendum No. 2 to the PSR violated the Ex Post Facto Clause. Espinal has waived this argument. Even if that were not the case, the argument fails.

Espinal pled guilty pursuant to a plea agreement. See ECF No. 362. In that plea agreement, Espinal waived his right to appeal or collaterally attack his conviction and sentence, except when he asserted a claim of ineffective assistance of counsel or the court departed upward from the guideline range in sentencing him. He therefore waived his argument that his sentence violated the Ex Post Facto Clause. First, he was not sentenced to more than either the original or the amended guideline range. Second, the present motion cannot be fairly read as premised on a viable claim of ineffective assistance of counsel. Espinal's attorney could not have been ineffective in failing to raise or prevail on an argument based on Peugh, which was decided after Espinal's appeal was concluded. Even if Espinal is arguing that his attorney was ineffective in having failed to raise an Ex Post

7

Facto Clause argument, Peugh provides no justification for reconsidering the court's earlier orders.

Espinal's four-level increase for being an organizer/leader did not flow from the application of sentencing guidelines that were harsher at the time of sentencing than at the time Espinal committed his crimes. Instead, as noted in Addendum 2 to the PSR, the increase was based on Espinal's admission that, to disguise the ownership and source of his drug proceeds, he had instructed various individuals to transfer or transport drug proceeds to other people and to use those proceeds to purchase cashier's checks. Whether the court used the advisory sentencing guidelines in effect at the time Espinal committed his crimes or the guidelines in effect at the time he was sentenced, § 3B1.1(a) called for an increase of four levels because Espinal had admitted facts demonstrating that he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Peugh is therefore distinguishable.

Espinal's motion for reconsideration is denied.

**V.    CONCLUSION.**

For the forgoing reasons, Espinal's motion for reconsideration, ECF No. 757, is denied.

To the extent this court may be asked to issue a certificate of appealability for the issue raised in the present

motion, the court declines to issue such a certificate.  Espinal has not made a substantial showing of the denial of a constitutional right.  <u>See</u>  28 U.S.C. § 2253(c)(2).  This court determines that reasonable jurists would not debate the enforceability and application of Espinal's waiver of the claim asserted here.  Moreover, no reasonable jurist would find this court's assessment of the merits of Espinal's constitutional claim debatable or wrong.  <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

  IT IS SO ORDERED.

  DATED: Honolulu, Hawaii, December 19, 2013.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    Chief United States District Judge

<u>United States v. Espinal</u>, Crim. No. 02-00176 SOM, Civ. No. 12-00242 SOM/BMK; ORDER DENYING RULE 60(b) MOTION